IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| DENNEY GAY, | * | |
| Petitioner, | * | CASE NO. 6:05-CV-5 |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 6:97-CR-11 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History**

Petitioner Gay was indicted in this court on November 25, 1997, for Possession of Methamphetamine With Intent To Distribute in multiple counts (R-1). He entered into a Plea Agreement (R-171) with the Government and pled guilty on May 1, 2000. (R-171,172). Thereafter, on August 25, 2000, he was sentenced to serve a term of 162 months imprisonment for the stated violations of 21 U.S.C. § 841(b)(1). (R-231). Petitioner Gay filed a timely direct appeal (R-235), but the Eleventh Circuit Court of Appeals *affirmed* the district courts conviction and sentence on June 20, 2001. (R-245). Petitioner Gay did not make application to the United States Supreme Court for *writ of certiorari*. However, extending the 90 day period in which he may have done so, his sentence became final on

September 21, 2001. *See, Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

Petitioner Gay filed no other actions or challenges to his sentence until he filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-255).

## Petitioner's § 2255 Claim

Petitioner Gay asserts a single claim in collateral attack on his August 2000 sentence. In his § 2255 Motion, he posits as his Ground One: "Whether under *Booker/Fanfan* Petitioner's sentence imposed pursuant to U.S.S.G. § 3553(b)(1) violates his Sixth Amendment rights?" He contends, "*Booker/Fanfan* having invalidated § 3553(b)(1), the petitioner's sentence having been imposed in accordance with such statute, the petitioner is now entitled (to) immediate resentencing review."

## Conclusions of Law

While the Supreme Court held in *United States v. Booker,* and *United States v. Fanfan,* – U.S. —, No.04-104,No.04-105, (January 12, 2005) that:

> [t]he provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) (Supp.2004), (is) incompatible with the above stated constitutional holding. The Court concluded § 3553(1)(b) must be severed and excised, together with any other statutory section which depends upon the Guidelines' mandatory nature. So modified, the Federal Sentencing Act makes the Guidelines effectively advisory.

*Id.,* p. 13. Thus, the Court's finding unconstitutional 18 U.S.C. § 3553(b)(1), the provision that had previously made the United States Sentencing Guidelines mandatory upon the sentencing court, would have no impact upon Petitioner Gay's sentence even if the *Booker/Fanfan* decision applied to his case. The Sentencing Guidelines remain advisory.

However, the Supreme Court's decision does not apply to Petitioner Gay's sentence, because the Supreme Court specifically decreed that the decision was not to be applied retroactively to closed cases. The *Booker/Fanfan* Court held at page 23:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

Inasmuch as the *Booker/Fanfan* ruling was specifically made *not retroactive* to closed cases such as Petitioner Gay's, this court is not authorized to consider his Motion to Vacate, Set Aside, or Correct Sentence claiming application of that ruling. For that reason, it is not necessary to further point out at length that Petitioner's Motion is also time-barred by the AEDPA statute of limitations. The relevant portion of 28 U.S.C. § 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[1] New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final").

the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of
due diligence.

WHEREFORE, IT IS RECOMMENDED for the foregoing reasons that Petitioner Gay's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, be summarily DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 3rd day of February 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE